Selestino Rodriques v. The State.

No. 4063. Decided May 10, 1916.

Rehearing denied June 7, 1916.

1.—Murder—Self-defense—Charge of Court—Threats.

Where, upon trial of murder, the evidence for the defense raised the issue of an actual attack by the deceased upon the defendant with a drawn pistol

which he fired at the latter, and the court submitted in his charge the law of an actual attack and defendant's right of self-defense, there was no error in the court's failure· to submit a charge on self-defense viewed in the light of communicated threats. Following Fielding v. State, 48 Texas Crim. Rep., 334. Distinguishing Spangler v. State, 42 Texas Crim. Rep., 233.

**2.—Same—Rule Stated—Actual and Apparent Danger—Threats.**

Where the party making threats has actually fired or made the deadly attack upon the threatened party, it is not necessary to submit self-defense in the light of communicated threats; this is only necessary where threats are relied on in cases of apparent danger. Following Barnes v. State, 39 Texas Crim. Rep., 184, and other cases.

**3.—Same—Reasonable Doubt—Self-defense—Charge of Court.**

Where, upon trial of murder, the court in his charge applied the reasonable doubt to the whole case, it was not reversible error, although it is better practice to apply the doctrine of reasonable doubt to the paragraph on self-defense in the court's charge. Following Edens v. State, 41 Texas Crim. Rep., 522. Besides, no exception was reserved to this paragraph of the charge.

**4.—Same—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions to the overruling of an application for a continuance, the matter can not be reviewed on appeal.

**5.—Same—Evidence—Dying Declarations—Oral Proof.**

Where the witness' statement containing the dying declaration of deceased had been lost, and proper search is shown to have been made, there was no error in admitting the oral proof of the declaration.

Appeal from the District Court of Ward. Tried below before the Hon. Isaacks.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Howell Johnson, John B. Howard* and *E. C. Gaines,* for appellant.— On question of reasonable doubt: Moore v. State, 28 Texas Crim. App., 377; Powell v. State, 28 id., 393; Johnson v. State, 29 id., 150; Edens v. State, 41 Texas Crim. Rep., 522; Stuart v. State, 57 Texas Crim. Rep., 592.

On question of admitting · dying declarations: Krebs v. State, 8 Texas Crim. App., 1; Ex parte Barber, 16 id., 369; Miller v. State, 27 id., 63; Andrus v. State, 165 S. W. Rep., 189.

Upon question of court's charge and self-defense, omitting communicated threats: Russell v. State, 11 Texas Crim. App., 288; Harper v. State, 170 S. W. Rep., 721; Masters v. State, 160 S. W. Rep., 693; Lyons v. State, 159 S. W. Rep., 1070.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of. murder, from which judgment he prosecutes this appeal. No one was present at the scene of the homicide except deceased and appellant. The State's case is

made by the dying declarations of the deceased, and he said that as he was on his road home from Grand Falls appellant "came out from the shade of some cedar trees and shot him without saying anything." This declaration, in substance, was proven by a number of witnesses. Appellant testifies that as he was on the road to Jesus Ontiveros' house he met deceased in the road and deceased said: "Here you are, you d—d s—n of a b—h." And appellant further testifies: "And as he said that he jerked his pistol from under his leg and fired a shot at me." That he then drew his pistol and shot deceased.

That ill-will existed between appellant and deceased is shown by both the testimony for the State and that of appellant. The State's contention is that appellant had been having illicit intercourse with deceased's stepdaughter, and deceased was endeavoring to force appellant to marry the girl. Appellant's contention is that he was very desirous of marrying the girl, and deceased was objecting to the marriage. No matter which theory is the correct one, it is apparent from the record that deceased felt unkindly towards appellant and had made threats to kill him and do him serious bodily injury, which threats, according to appellant, had been communicated to him. The court submitted self-defense, instructing the jury that if they believed from the evidence deceased made an attack upon the appellant by shooting at him with a pistol, thereby causing the appellant to have a fear of death or serious bodily injury, and acting under such reasonable expectation or fear the defendant killed deceased, they would find him not guilty. This presented the issue directly as made by the testimony of appellant.

Appellant insists that in addition to giving this charge the court should have given separate, distinct charges on self-defense, viewed in the light of the communicated threats. He cites the case of Spangler v. State, 42 Texas Crim. Rep., 233, and other cases. We do not think they, or either of them, when construed in the light of the facts in those cases, support appellant's contention, for in each of those cases it is shown that apparent danger, viewed from the standpoint of appellant, as well as danger from an actual attack, was in the case. The true rule, as has always been recognized in this court, was correctly stated by Judge Davidson in the case of Fielding v. State, 48 Texas Crim. Rep., 334, in which case he discusses when a charge on threats is required to be given and when not required. He says:

"This is the case where threats are relied on in cases of apparent danger, and is not like a case where the danger has passed beyond appearances, and become merged in actual danger, as where the party making threats has actually fired or made the deadly attack upon the threatened party, as was the case in Barnes v. State, 39 Texas Crim. Rep., 184. In that case it is held, 'Where in a case of murder, or an assault with intent to murder, or in any character of an assault and battery, except an assault with intent to rape, etc., the defendant relies upon threats communicated, the threats can serve but two purposes:

First, to solve the probability as to who began the violence; second, to give character to or intensify an act of the adversary. To illustrate: A and B are quarreling or engaged in a wordy altercation. B places his hand to his hip. A shoots or shoots at or strikes him. In the absence of threats, the act of A would not have that significance as if, under the same state of facts, B had made threats which had been communicated to A. Take the case in hand: There was a dispute between the prosecutor, Landrum, and appellant, as to the amount appellant owed the prosecutor. The prosecutor places his hand behind him, or to his hip; and appellant draws a pistol and shoots at him. Threats communicated would have an important bearing in such case. But suppose that the prosecutor, instead of merely placing his hand to his hip or behind, draws a pistol and fires at appellant, threats would have no bearing on the case, because appellant would be perfectly justified in shooting independent of threats. Now there is no act of the prosecutor, under the appellant's theory, which can be viewed in the light of threats, so as to give significance thereto. If appellant's theory be true, he did not need the threats to acquit him. The act of the prosecutor was such as to require no explanation. The prosecutor shot at him without any provocation whatever; and, if the jury did not believe this there was no theory of the case presented by the evidence in which threats could have figured at all. Threats, as before stated, are used for the purpose of giving character and significance to doubtful cases; but, where the case is one in which the adversary uses a deadly weapon in a deadly manner, threats can serve no purpose whatever, save and except as tending to shed light upon who began the difficulty. If the jury failed to believe the theory of the defense, then they believed that of the State, which was, that, without any provocation whatever, appellant made a deadly assault upon the prosecutor. If the jury believed the defendant's testimony, a verdict of not guilty should have been rendered, whether or not threats had been made.' In the case before us, however, there was only a demonstration to draw a pistol, and the facts bring this case within the rule laid down in Alexander's and Williams' cases, supra." See also Bankston v. State, 76 Texas Crim. Rep., 504, 175 S. W. Rep., 1068, and cases cited.

Appellant in this court, for the first time, complains that the charge, in the paragraph on self-defense, did not specifically apply the doctrine of reasonable doubt to that paragraph of the charge. It has frequently been held that it is better that this be done, but charges similar to the one given have been held not to present reversible error, wherein the reasonable doubt is applied to the whole case, as is done in this case. (Edens v. State, 41 Texas Crim. Rep., 522.) However, appellant did not reserve any exception to this paragraph of the charge in the court below, because the reasonable doubt was not specifically applied to that paragraph of the charge, and seeks to raise such question for the first time in this court. Under all of our decisions, even prior to the

amendment of article 743, the rule is stated to be that such matter can not be considered by us when so raised· for the first time.

No bill of exceptions was reserved to the action of the court in overruling the application for a continuance, consequently that ground of the motion is not presented in a way we can review it.   Branch's P. C., sec. 304, p. 183.

There are several bills in the record objecting to the admissibility of oral proof of the dying declarations, as the declaration had been reduced to writing.   Inasmuch as the written statement had been lost, and proper search is shown to have been made, there was no error in admitting the oral proof of the declarations.   The evidence clearly shows that deceased was conscious of approaching death and was sane.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 7, 1916.—Reporter.]